UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-22583-CIV-GAYLES/TURNOFF

JORGE DIAZ AND OLGA L. GARCIA,

      Plaintiffs,

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, et al.,

      Defendants.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss [ECF No. 3]. The Court has considered the parties' written submissions and applicable law.

## BACKGROUND

In 2006, Plaintiffs Jorge Diaz and Olga Garcia ("Plaintiffs") executed a note ("Note") and mortgage ("Mortgage") on a property in Homestead, Florida. (*See* First Amended Complaint "Amended Complaint" at ¶ 50) (*see* [ECF No. 1 -2]).[1] The Note and Mortgage contain an express maturity date of August 1, 2036. (*Id.* at ¶ 31). In 2007, Plaintiffs defaulted, prompting Defendant Deutsche Bank National Trust Company ("Deutsche"), on January 3, 2008, to exercise its right to accelerate all payments due under the Note and Mortgage. (*Id.* at ¶ 56). Deutsche proceeded to file three successive foreclosure actions based on Plaintiffs' default in Florida state court. Deutsche voluntarily dismissed the first two foreclosure actions and dismissed the third action with prejudice. (*Id.* at ¶ 58-63).

---

[1] "Although analysis of a Rule 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto, a court may consider documents attached to the motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claim." *Starship Enter. of Atlanta, Inc. v Coweta County, Ga.,* 708 F.3d 1243, 1252, n. 13 (11th Cir. 2013); Fed. R. Civ. P. 10(c).

In 2013, Plaintiffs filed an action against Defendants Deutsche; Deutsche Bank Trust Company Americas; Mortgage Electronic Registration Systems, As Nominee For Freemont Investment & Loan; and Wells Fargo Bank, N.A. ("Defendants") in the Circuit Court of the Eleventh Judicial Circuit of Florida, asking the court to void the Note and Mortgage on statute of limitations grounds. On July 10, 2014, Plaintiffs filed the Amended Complaint in the instant action, setting forth seven counts: Counts I and III seek declarations that the statute of limitations renders the Note and Mortgage unenforceable; Counts II and IV seek to enjoin Defendants from collecting on the Note and Mortgage and from reporting Plaintiffs to credit agencies; Count V seeks to quiet title to the property; and Counts VI and VII seek declaratory and injunctive relief regarding defaulted payments more than five years old and Defendants' collection practices (*See* Amended Complaint). All of Plaintiffs' claims revolve around their contention that the Note and Mortgage are no longer enforceable due to the expiration of the statute of limitations after the initial default. Plaintiffs also seek to certify a class of over 50,000 allegedly similar borrowers.

Defendants removed the action to this Court pursuant to the Class Action Fairness Act ("CAFA"). On July 17, 2014, Defendants moved to dismiss the Amended Complaint for failure to state a claim. [ECF No. 3].

### LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than unadorned, the defendant –unlawfully-harmed-me accusations." *Id*. (alteration added)(quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added)(citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

## ANALYSIS

Plaintiffs' claims all stem from their claim that the expiration of the statute of limitations bars Defendants from enforcing the Note and Mortgage. The Court finds Plaintiffs' application of the statute of limitations contrary to well-established Florida law.

### A.   Statute of Limitations versus Statute of Repose

Florida Statute § 95.11(2)(b-c) creates a five-year statute of limitations for mortgage foreclosure actions. *See* Fla.Stat. § 95.11(2)(b-c). The limitations period begins to run either when the last payment of the mortgage is due or, as in this case, when the mortgagee exercises a right to accelerate the total debt because of a default. *See Greene v. Bursey*, 733 So. 2d 1111, 1114-5 (Fla. 4th DCA 1999). Section 95.11(2)(c) does not change the life of the lien or cancel the debt. Rather, it "merely precludes an action to collect on the debt after five years." *See Espinoza v. Countrywide Home Loans Servicing, L.P.*, Case No. 14-20756-CIV-Altonaga, 2014 WL 3845795, at *3 (S.D. Fla. Aug. 5, 2014) (quoting *Houck Corp. v. New River, Ltd., Pasco*, 900 So.2d 601, 603 (Fla. 2d DCA 2005). Indeed, Florida Statute § 95.281(1), a statute of repose, governs the duration of a mortgage lien and provides that the lien terminates five years after the date of maturity of the obligation

secured by the mortgage.  *See* Fla. Stat. §95.291(1).  "A 'statute of limitations' is a procedural statute that prevents the enforcement of a cause of action that has accrued . . . Conversely, a 'statute of repose' – like that of §95.291(1) – establishes an ultimate date when the lien or mortgage terminates and is no longer enforceable whether a claim has accrued by that date or not."  *Matos v. Bank of New York, et al.,* Case No. 14-21943-CIV-Moreno, 2014 WL 3734578 at *3 (S.D. Fla. July 28, 2014) (noting that a 'statute of limitations' is a shield that may be used as an affirmative defense; a 'statute of repose' is a sword that may terminate a lien); *see also Espinoza*, 2014 WL 3845795 at *3 (holding that the duration of a lien is governed by a statute of repose).  The express maturity date of the Note and Mortgage is August 1, 2036.  (Amended Compl. ¶ 31).  Accordingly, Plaintiffs' Mortgage lien will not terminate until 2041.

        **B.**    **Unsuccessful Foreclosure Actions Do Not Automatically Preclude Subsequent Actions.**

Plaintiffs argue that Defendants' prior dismissal of the foreclosure action after acceleration prohibits Defendants from enforcing the Note and Mortgage.  Plaintiffs misapprehend the law. When a "mortgagee initiates a foreclosure action and invokes its right of acceleration, if the mortgagee's foreclosure action is unsuccessful for whatever reason, the mortgagee still has the right to file later foreclosure actions – and to seek acceleration of the entire debt – so long as they are based on separate defaults."  *Dorta v. Wilmington Trust National Assoc.*, 13-cv-185-Oc-10PRL, 2014 WL 1152917, at *2-4 (M.D. Fla. Mar. 24, 2014) (relying on *Singleton v. Greymar Assoc.*, 882 So.2d 1004 (Fla. 2004)(per curium)).  Contrary to Plaintiffs' assertions, "an unsuccessful foreclosure action does not subsequently render a mortgage forever invalid and unenforceable."  *Id.*  Rather, the Note and Mortgage remain enforceable and Defendant still has the right to file foreclosure actions based on separate defaults.

Several decisions from this district address nearly identical class action quiet title complaints. The Court consistently holds that these claims are without merit. *See Espinosa*, 2014 WL 3845795, at *7 (finding note and mortgage enforceable despite acceleration and later dismissed foreclosure complaint); *Matos,* 2014 WL 3734578 at *3 (finding that after plaintiff dismissed a foreclosure action, the parties returned to their original positions and the lien remained enforceable); *Romero v. SunTrust Mortg., Inc.*, Case No. 13-CIV-24491-UU, 2014 WL 1623703 (S.D. Fla. Apr. 22, 2014)(despite mortgagee's dismissal of prior foreclosure action, the note and mortgage remained a valid and enforceable lien against the plaintiffs' property); *Kaan v. Wells Fargo Bank, N.A.*, 981 F.Supp.2d 1271, 1274 (S.D. Fla. 2013)(under Florida law, dismissal of mortagee's prior foreclosure action did not invalidate note and mortgage and did not prevent subsequent foreclosure actions for later defaults).

Because the Note and Mortgage are valid and continue to be enforceable, all of Plaintiffs' claims relating to defaults less than five years old are without merit. Counts I and III, seeking a declaration that the Note and Mortgage are unenforceable, fail to state a claim as a matter of law. Counts II and IV, seeking to enjoin Defendants from collection or enforcement activity regarding the Note, fail to state a claim because Defendants may continue to pursue foreclosure actions for any subsequent default. *See Singleton*, 882 So.2d at 1007-8; *Espinosa*, 2014 WL 3845795 at *4. Count V, seeking to quiet title to the property, fails to state a claim because, as detailed above, the prior acceleration and foreclosure actions did not extinguish the lien.

    **C.**    **Defaults More Than Five Years Old**

Finally, the Court finds Counts VI and VII, seeking declaratory and injunctive relief regarding collection practices for payments over five years old are preempted by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. section 1681t(b). The FCRA provides:

> No requirement or prohibition may be imposed under the laws of any State . . . (1) with respect to any subject matter regulated under . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . .

To the extent Plaintiffs' claims relate to Defendants' reporting practices, they are preempted by the FCRA. *See Espinosa*, 2014 WL 3845795 at *6.

In addition, the Court finds there is no bona fide present need, under either the Florida Declaratory Judgment Act or the Federal Declaratory Judgment Act, to address Plaintiffs' additional allegations in Counts VI and VII that their older debts are unenforceable because of the statute of limitations. This type of relief is "discretionary in the trial courts" and is not the right of a litigant as a matter of course. *N. Shore Bank v. Town of Surfside*, 72 So.2d 659, 661-62 (Fla. 1954). *See also Espinosa*, 2014 WL 3845795 at *6. The Court finds that these issues are better addressed if and/or when Defendants pursue any claims for repayment in another suit. *See Espinosa*, 2014 WL 3845795 at *6 (finding "resolution of this issue more appropriate in an action seeking repayment of the debt, not in a standalone declaratory judgment action.")

Finally, to the extent Plaintiffs seek injunctive relief on these claims, the Court finds the equitable relief sought to be a remedy and not a separate cause of action. *Id.* at *7 (citing *Alabama v. U.S. Army Corp of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005)("[A]ny motion or suit for either a preliminary or permanent injunction must be based upon a cause of action. . .There is no such thing as a suit for a traditional injunction in the abstract.")). Accordingly, Counts VI and VII must be dismissed.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that all Counts of Plaintiffs' Amended Complaint are **DISMISSED with prejudice**. It is further

**ORDERED AND ADJUDGED** that this action shall be **CLOSED** for administrative purposes, and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of September, 2014.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge Turnoff
      All Counsel of Record